UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIERCE BROWNELL, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-02520 |
| | § | |
| NATIONWIDE COIN & BULLION | § | |
| RESERVE, INC., *et al.*, | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants' Motion to Compel Arbitration (Dkt. 25), Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defense of Waiver as to Plaintiffs' Claims under the Texas DTPA (Dkt. 24), and Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defense of Waiver Under the Texas Telephone Solicitation Act (Dkt. 35). After careful consideration, the Court **DENIES** Defendants' Motion to Compel Arbitration (Dkt. 25) and **DENIES** Plaintiffs' Motions for Partial Summary Judgment (Dkts. 24, 35).

## I.    FACTUAL BACKGROUND

Plaintiffs Pierce Brownell and David Erle Brownell are suing Defendants Nationwide Coin & Bullion Reserve, Inc., Turner Jones, Lawrence P. Kuykendall, Sr., and Dorian J. Ausby for claims under the Racketeer Influenced and Corrupt Organizations Act, the Texas Deceptive Trade Practices Act, the Texas Telephone Solicitation Act, and the common law. (Dkt. 51).

Plaintiffs purchased numerous precious metal coins from Defendants. (Dkt. 28 at p. 4). Of the 923 coins Plaintiffs purchased from Defendants, 22 coins were ultimately sold back to Defendants. *Id*. Plaintiffs sold these 22 coins to Defendants in two separate transactions, and these transactions are each governed by an agreement releasing Plaintiffs' claims related to those 22 coins (the "Release Agreements").[1] (*Id*. at p. 5).

The Release Agreements each contain the same arbitration provision:

> (g)     This Agreement shall be governed and construed in accordance with the laws of the State of Texas, without regard to conflict of laws principles, being performable and with exclusive venue proper within Harris County, Texas. Any claim or dispute arising from or related to this Agreement shall be settled by mediation and, if necessary, legally binding arbitration in accordance with the Texas Civil Practice and Remedies Code, Sections 171.001 et seq. Judgment upon an arbitration decision may be entered in any court otherwise having jurisdiction. The Parties understand that these methods shall be the sole remedy for any controversy or claim arising out of this Agreement and expressly waive their right to a jury trial or a non-jury trial and any appeal therefrom and to file a lawsuit in any civil court against one another for such disputes, except to enforce an arbitration decision. Should any claim, action, or proceeding, including an arbitration proceeding, be commenced between the Parties arising out of, or relating to, this Agreement, the performance thereof and/or the transactions herein contemplated, the party prevailing in the claim (as determined by the court or arbitrator), action, or proceeding will be entitled to recover from the non-prevailing party its reasonable attorneys' fees and other expenses incurred in connection with the claim, action, or proceeding.

(Dkt. 25-3 at p. 5); (Dkt. 25-4 at p. 5).

Defendants now argue that, in accordance with this provision, the Court must order the present dispute to arbitration. (Dkt. 25). Plaintiffs disagree, arguing, among other

---

[1] The Court does not opine on the validity or scope of the Release Agreements as they relate to any potentially released claims.

things, that the coins at issue in the Release Agreements are not the same coins at issue in the present lawsuit—and the arbitration provision therefore does not apply. (Dkt. 28).

Further, Plaintiffs seek partial summary judgment on certain of Defendants' affirmative defenses, arguing that no genuine issue of material fact remains. (Dkts. 24, 35). The Court addresses all arguments below.

## II.    LEGAL STANDARD AND APPLICABLE LAW

### A.    Arbitration

State law determines whether an agreement mandates arbitration. *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019). Here, the arbitration provision states that it "shall be governed and construed in accordance with the laws of the State of Texas." (Dkt. 25-3 at p. 5); (Dkt. 25-4 at p. 5). Under Texas law, the Court "is required to compel arbitration if it finds that a valid agreement to arbitrate exists and that the claims asserted fall within that agreement." *ASW Allstate Painting & Constr. Co. v. Lexington Ins. Co.*, 188 F.3d 307, 311 (5th Cir. 1999); *see also* TEX. CIV. PRAC. & REM. CODE § 171.021(b). "[T]he party opposing arbitration bears the burden of proving that no valid arbitration agreement exists as to the dispute." *ASW Allstate*, 188 F.3d at 311.

### B.    Federal Rule of Civil Procedure 56

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a

traditional trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co*., 336 F.3d 410, 412 (5th Cir. 2003). "[C]onclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the non-movant must present specific facts which show the existence of a genuine issue concerning every essential component of its case. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003).

## III.    ANALYSIS

The Court finds that the parties did not agree to arbitrate the present dispute and therefore it must deny Defendants' motion. The Court further finds that genuine issues of material fact exist as to Defendants' affirmative defenses and therefore it must deny Plaintiffs' motions.

## A.      Motion to Compel Arbitration

Assuming without finding that a valid agreement to arbitrate exists, the Court finds that the present dispute does not fall within the scope of such agreement. Accordingly, the Court may not compel the parties to arbitration.

"Enforcement of an arbitration agreement involves two analytical steps: (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute falls within the scope of that agreement." *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018) (citing *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2013)). "Texas law favors settling disputes by arbitration." *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 892 (Tex. 2010) (quoting *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90-91 (Tex. 1996)).

The Court assumes *arguendo* that a valid agreement to arbitrate exists and assesses whether this dispute falls within the scope of such agreement. "Determining the scope of an arbitration clause is a matter of contract." *Papalote Creek II, L.L.C. v. Lower Colo. River Auth.*, 918 F.3d 450, 454 (5th Cir. 2019) (citing *Hebbronville Lone Star Rentals, LLC v. Sunbelt Rentals Indus. Servs., LLC*, 898 F.3d 629, 632 (5th Cir. 2018)). Under Texas law, the primary object of contract interpretation "is to ascertain and give effect to the intent of the parties as that intent is expressed in the contract." *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006).

Plaintiffs argue that their claims in the present lawsuit involve 55 particular precious metal coins that are wholly separate from the 22 coins which are the subject of the Release

Agreements and, therefore, their claims do not fall within the scope of the arbitration agreement. (Dkt. 28 at p. 19). The Court agrees.

The arbitration provisions state, in relevant part: "Any claim or dispute **arising from or related to this Agreement** shall be settled by … arbitration in accordance with the Texas Civil Practice and Remedies Code." (Dkt. 25-3 at p. 5); (Dkt. 25-4 at p. 5). Courts in this circuit read "arising from" language as creating a "broad" arbitration clause. *See Polyflow, L.L.C. v. Specialty RTP, L.L.C.*, 993 F.3d 295, 303 (5th Cir. 2021) ("The weight of our precedent supports the finding that [an arbitration clause using 'arising out of' language] is a 'broad' arbitration clause[.]").

The Release Agreements, by their own terms, govern the purchase of "certain coin items…, as such Coins are more particularly described within Exhibit 'A.'" (Dkt. 25-3 at p. 1); (Dkt. 25-4 at p. 1). Exhibit A to both Release Agreements list the "certain coin items" as:

> 1. **NCBR – 18346**
>
> ONE (1) 2008 - $50 PROOF GOLD AMERICAN BUFFALO – DON EVERHART – PF70
>
> ONE (1) 2009 - $20 ULTRA HIGH RELIEF DOUBLE EAGLE GOLD – DON EVERHART – MS70

and

> From NCBR invoice # 00012236
>
> FIVE (5) $50 GOLD AMERICAN EAGLE -BULLION-ANY DATE
>
> From NCBR invoice # 00012146
>
> FIVE (5) $50 GOLD AMERICAN BUFFALO-BULLION-ANYDATE
>
> TEN (10) $50 GOLD AMERICAN BUFFALO-BULLION-ANYDATE

(Dkt. 25-4 at p. 8); (Dkt. 25-3 at p. 7).

Plaintiffs' complaint specifically alleges that Defendants fraudulently overcharged for particular coins as outlined in a demonstrative organized by invoice numbers and description. (Dkt. 51 at pp. 11 – 12). The Court finds that there is no overlap between the particular coins identified in Exhibits A to the Release Agreements and the particular coins identified in the complaint.[2] In other words, the coins that are the subject of the complaint are not governed by the Release Agreements.

---

[2] The Court held a hearing to determine whether the coin listed under "NCBR – 18346" as "2009 - $20 ULTRA HIGH RELIEF DOUBLE EAGE GOLD – DON EVERHART – MS70" in one Release Agreement is the same coin listed under invoice "18346" as "2009-$20 GAE MS70 Don

Defendants argue that the Release Agreements govern the entire relationship between the parties and therefore the arbitration provisions apply to this dispute regardless of whether the coins listed in the complaint are the same coins listed in the Release Agreements. (Dkt. 32 at p. 5). While the language used in the arbitration provisions is broad, the Court disagrees that it is so broad as to attach to a wholly separate transaction for different coins.

Again, "[t]he goal of contract interpretation is to ascertain the parties' true intent as expressed by the plain language they used." *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 893 (Tex. 2017). "'Plain meaning' is a watchword for contract interpretation because word choice evinces intent." *Id*. Texas law "refuse[s] to insert language or provisions the parties did not use or to otherwise rewrite private agreements." *Id*.

The Release Agreements state in plain language on the first page: "Customer purchased **certain coin items** from NCBR (collectively, the "Coins"), **as such Coins are more particularly described within Exhibit "A"**[.]" (Dkt. 25-4 at p. 1) (emphasis added); *see also* (Dkt. 25-3 at p. 1). The Court finds that these terms reflect an agreement regarding only those coins listed in Exhibits A to the Release Agreements.

Accordingly, given there is no overlap between the coins listed in the complaint and the coins governed by the Release Agreements, the present dispute does not fall within the

---

Everhart" in the complaint. Dkt. 58; *see* (Dkt. 25-4 at p. 8); (Dkt. 51 at p. 12). While Defendants assert that "there is no way to determine" if the two coins are the same, after reviewing supplemental briefing, the Court find that these are two separate coins. (Dkt. 57); (Dkt. 59 at p. 2).

scope of the arbitration provision, despite its broad language. The Court must therefore deny the motion to compel arbitration.

**B.      Motions for Partial Summary Judgment**

The Court finds that genuine issues of material fact exist as to Defendants' Affirmative Defense of Waiver under the Texas Telephone Solicitation Act and Defendants' Affirmative Defense of Waiver under the Texas Deceptive Trade Practices Act. Accordingly, the Court holds that Plaintiffs are not entitled to judgment as a matter of law, and Plaintiffs' Motions for Partial Summary Judgment (Dkts. 24, 35) are denied without prejudice to being reasserted at trial as a motion for judgment as a matter of law. FED. R. CIV. P. 56.

Any objections to the summary judgment evidence are overruled without prejudice to being reasserted at trial. *See Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) ("Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible ..., the material may be presented in a form that would not, in itself, be admissible at trial.").

## IV.    CONCLUSION

The Court finds that the parties did not agree to arbitrate the present dispute. As such, the Court **DENIES** the Motion to Compel Arbitration (Dkt. 25). Further, the Court finds that fact issues remain regarding Defendants' Affirmative Defenses and **DENIES** Plaintiffs' Motions for Partial Summary Judgment (Dkts. 24, 35).

SIGNED at Houston, Texas on August 11, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE